[No. 18131.   Department Two.   January 8, 1924.]

THE STATE OF WASHINGTON, *on the Relation of The City of Seattle, Respondent,* v. NORTHERN PACIFIC RAILWAY COMPANY *et al., Defendants,* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, *Appellant.*[1]

RAILROADS (30, 31)—CROSSINGS—RAILWAY BRIDGES OVER STREETS—APPORTIONMENT OF COSTS—RIGHTS OF WAY USED.   Where several railroads produce a common danger at a grade crossing, the apportionment of the cost of constructing an overhead crossing may be made with reference to the width of the rights of way actually used by the respective roads, where it cannot be said to be arbitrary or discriminatory.

SAME (31)—APPORTIONMENT OF COSTS—PROPERTY INCLUDED.   In making such an apportionment to obviate danger on R Street, it is proper to exclude a track on W Street passing under the main structure.

SAME (31)—CONSTRUCTION OF BRIDGE—APPROACHES—APPORTIONMENT OF COST.   The costs of approaches to a joint overhead crossing may be apportioned equally to all the roads using it, where the ap-

[1]Reported in 221 Pac. 991.

proach was as necessary to the railway occupying but fifteen feet as it was to a company occupying fifty feet.

SAME .(31)—CONSTRUCTION OF BRIDGE—JOINT OR SEVERAL OBLIGATION. Where the cost of an overhead crossing is apportioned to the several railroads using portions of the structure, it is proper to direct one road to construct it rather than to direct each road to build certain sections of. it.

Appeal from a judgment of the superior court for King county, Webster, J., entered March 13, 1923, in favor of the plaintiff, in an action to compel railway companies to construct and maintain a bridge over city streets, after a hearing before the court. Affirmed.

*F. M. Dudley, G. W. Korte,* and *A. J. Laughon,* for appellants.

*Thomas J. L. Kennedy, Walter B. Beals,* and *A. C. Van Soelen,* for respondent.

*Bogle, Merritt & Bogle, Thomas Balmer, Geo. T. Reid,* and *C. H. Winders,* for defendants Northern Pacific Railway Company *et al.*

*Stratton & Kane, amici curiae.*

PEMBERTON, J.—The respondent instituted this proceeding to compel the railway companies to construct and maintain a bridge for pedestrians over Railroad avenue at Yesler Way, in the city of Seattle.

In 1915, the city passed an ordinance establishing a route and fixing grades for the bridge. The route extended along the south side of Yesler Way from First avenue to the west line of Railroad avenue. The grade so established began at the sidewalk on First avenue and increased in elevation westerly to about thirty-two feet above Railroad avenue. In 1918, the city, by ordinance, directed the railway companies to construct this bridge at their own expense. The companies being unable to apportion the cost among themselves,

the city, by ordinance, apportioned the cost of the main structure as follows:

The Northern Pacific Railway Company.... 42.159%
The Great Northern Railway Company..... 50.029%
The Chicago, Milwaukee & St. Paul Rail-
way Company ........................ 3.906%
The Oregon-Washington Railroad & Navi-
gation Company ...................... 3.906%

It also provided that the approaches to the bridge were to be paid for equally by the four railway companies.

Appellant, deeming the apportionment unjust and. arbitrary, refused to comply with the ordinance. The trial court found in favor of the city and entered judgment directing a peremptory writ of mandate to issue as requested, from which this appeal is taken.

Appellant admits that the construction of the bridge is necessary.

"The city, . . . can compel these railway companies to pay such proportion of such cost as may be just, upon the equitable principle that the presence of the railway tracks creates the dangerous situation sought to be relieved and makes the change of grade a public necessity." *Spokane v. Spokane & Inland Empire R. Co.*, 75 Wash. 651, 135 Pac. 636.

Appellant contends that the cost of the main structure and approaches should be divided between the railways in proportion to the width of their respective rights of way and not in proportion to the used rights of way as provided by the city. The portions of the rights of way not included were granted in 1908 and are not now and never have been used.

The apportionment of the cost upon the basis of the width of the respective rights of way has been sustained by judicial authority. *State v. Minneapolis &*

*St. L. R. Co.,* 39 Minn. 219, 39 N. W. 153; *State ex rel. City of Duluth v. St. Paul & D. R. Co.,* 75 Minn. 473, 78 N. W. 87.

There is no definite rule for the apportionment of costs for either the main structure or the approaches. It has been held that where several roads create a dangerous condition, the fact that they each participate in the production of the common danger does not relieve any of them from the separate obligation to pay the entire expense of its elimination. *Erie R. Co. v. Board of Public Utility Commissioners,* 254 U. S. 394, 65 L. Ed. 322; *Chicago, B. & Q. R. Co. v. State ex rel. Omaha,* 170 U. S. 57, 42 L. Ed. 948, 954; *New York & N. E. R. Co. v. Town of Bristol,* 151 U. S. 556, 38 L. Ed. 269, 272; *Public Service R. Co. v. Board of Public Utility Commissioners,* 89 N. J. Law 24, 98 Atl. 28.

The city evidently considered that it was the used portions of the rights of way that created the danger to the public. We are unable to say that the apportionment based upon the width of the rights of way actually in use by the respective railways is arbitrary or discriminatory.

It is contended that the city should also have included a track of the Northern Pacific Company not on Railroad avenue at the main structure but passing under the main structure on Western avenue. This track of the Northern Pacific Company on Western avenue passes under the bridge with a clearance of about 20.9 feet, while the standard clearance is about twenty-three feet on Railroad avenue. The danger that the city desired to overcome was primarily upon Railroad avenue and not Western avenue, and for that reason they properly omitted this track from their consideration.

The city divided the cost of the approaches equally among the four railway companies. It has been held that the railroad operating next to the approach to the main structure should pay the entire expense of the approach on that side of the bridge. *State v. Minneapolis & St. L. R. Co., supra.* The city may have directed each railroad to pay one-fourth of the construction of the approaches upon the theory that the approach to the main structure is as necessary to the railway occupying fifteen feet under the main structure as it is to the railway occupying fifty feet beneath the main structure. The size and the expense of the construction of the approach to the bridge is in nowise affected by the number of tracks spanned by the main structure. The city endeavored to distribute this cost according to its judgment as to what is fair, just and reasonable. We cannot say that it acted arbitrarily or capriciously. On the other hand, considering the facts in this case, we are of the opinion that the apportionment was eminently fair and just between the respective railways.

It is next contended that the city exceeded its authority in requiring the railroad companies to jointly construct and maintain the bridge and approaches, and our attention is called to the case of *State ex rel. City of Duluth v. St. Paul & D. R. Co., supra,* wherein the court said:

"We are unable to discover on what principle it can be sustained. In so far as the legal obligation to bridge the tracks is concerned, it is impossible to say that it is joint, or to see why one company should be compelled to perform the duty of another. The obligation to build, although common, is not joint, but several, except as to those tracks jointly owned by these appellants. And their several obligations should have been determined and adjusted by the court when making its findings of fact and conclusions of law, as

was done in *State v. Minneapolis & St. L. R. Co.,
supra.*"

In this same case the court also said:

"No apportionment, either of cost or parts to be
constructed, was made, and counsel for the city admits
that the order must be construed as imposing upon
each of these companies the duty of constructing the
entire structure, with abutments and filled ap-
proaches."

Appellant also cites the case of *State v. Minneapolis
& St. L. R. Co.,* 39 Minn. 219, 39 N. W. 153, wherein
it is held that the obligation of each of two railway
companies to construct a bridge spanning their tracks
was an independent and not a joint obligation. These
tracks had land intervening between them and the
proceedings against the two railway companies were
separate. The court said:

"These separate proceedings against the two
corporations contemplated that the work thus charged
upon them separately should, when performed, consti-
tute entire and complete bridges over both systems
of tracks, with proper street approaches."

The court also said in referring to the joint obli-
gation:

"We have spoken of the duties of these companies
as being independent, and not joint. This is not to
be confounded with the plan or manner of perform-
ance, which, as respects both companies, should, for
obvious reasons, be in some sense and to some extent
common, or at least similar."

Unless the city has authority to apportion the cost
to the respective railroads it would be necessary to set
apart to each of the roads certain portions of the con-
struction of the bridge and approaches. It seems that
the city council has adopted a plan whereby each
should pay its just proportion rather than building a

separate portion. Since this is one structure, we are satisfied that it is entirely proper to direct the railway companies to jointly bear the expense of its construction rather than to direct each of the railways to build certain sections.

Believing the apportionment to be just, fair and equitable, the judgment will be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.